UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Susan Schneider, | ) | Court File No. 18-cv-917 (DSD/SER) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JOINT RULE 26(f) REPORT** |
| v. | ) | |
| | ) | |
| Metropolitan Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

_____

The Pretrial Conference in this matter is scheduled for September 4, 2018, at 9:00 a.m., before United States Magistrate Judge Steven E. Rau, in Suite 346, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Saint Paul, Minnesota 55101.

1. **Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference.**

   a. The date and place at which the meeting was held:

      The parties' counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) by email and discussed the Joint Rule 26(f) Report, litigation scheduling, and settlement issues.

   b. Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting:

      Plaintiff:            Susan Schneider

      Plaintiff's Counsel:  Mark Klotzbuecher, Reg. No. 0398631
                            Stephen Fields, Reg. No. 0276571
                            9999 Wayzata Boulevard
                            Minnetonka, MN 55305
                            Telephone: 612-370-1511
                            mark@fieldslaw.com

steve@fieldslaw.com

Defendant:                Metropolitan Life Insurance Company

Defendant's Counsel:      M. Annie Santos, Reg. No. 0389206
                          333 South Seventh Street, Suite 2000
                          Minneapolis, MN 55402
                          Telephone: 612-333-3434
                          Fax: 612-334-8888
                          asantos@hinshawlaw.com

                          Daniel K. Ryan      Admitted Pro Hac Vice
                          151 North Franklin, Suite 2500
                          Chicago, IL, 60601
                          Telephone: 312-704-3000
                          Fax: 312-704-3001
                          dryan@hinshawlaw.com

c.    Name of insurance carriers that may be liable for the defense or payment of any damage award:

      Metropolitan Life Insurance Company

d.    An agenda of matters to be discussed at the Pretrial Conference:

      Pretrial scheduling issues and potential early settlement conference.

## 2.    Description of the Case

a.    A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description:

      This Court has subject matter jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), pursuant to 29 U.S.C. § 1132(e)(1).

b.    A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses:

      Plaintiff's Legal Claims:  Plaintiff claims that she is entitled to long-term disability benefits under her policy and that the decision by Metropolitan Life Insurance Company to deny benefits was arbitrary and capricious and not supported by the evidence in the claim file.

302310861v2 1008380

<u>Defendant's Defenses</u>:  Metropolitan Life Insurance Company denies that Plaintiff is entitled to long-term disability benefits under the subject employee welfare benefits plan and states that its claim determination was reasonable, correct, consistent with the terms and conditions of the plan, supported by substantial clinical evidence and neither arbitrary nor capricious.

c.      A summary itemization of the dollar amount of each element of the alleged damages:

Plaintiff claims damages are as follows:

Defendant owes Plaintiff long-term disability benefits from her benefit denial date of August 22, 2017, through her social security normal retirement age of March 22, 2031.  Plaintiff's monthly long-term disability benefit, after being offset by her monthly social security disability benefit, is $2,170. Plaintiff is owed benefits on her policy for 12 years, 7 months, and 18 days. The present value of benefits over that period, with a 3.6% discount rate, totals $263,974.83

Defendant denies that Plaintiff is entitled to benefits.

3.      **Pleadings**

a.      A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings:

The Complaint and all responsive pleadings have been served and filed. The parties do not anticipate amending the pleadings.

b.      The date by which all motions that seek to amend the pleadings to add parties, claims and defenses will be filed:

**October 1, 2018.**

c.      Whether a jury trial is available under the law, and whether a jury trial has been timely demanded: No jury trial is permitted in this ERISA action. No jury trial has been demanded.

302310861v2 1008380

4.      **Discovery Plan**

a.      Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed:

**November 1, 2018.**

b.      Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced, and if not, when the parties believe that alternative dispute resolution would be appropriate.  In addition, state the proposed method of alternative dispute resolution:

The parties are willing to discuss settlement on their own, but would also appreciate an early settlement conference with the Court if the parties are unable to resolve the matter themselves.

c.      Whether discovery should be conducted in phases (e.g., to first discover information bearing on dispositive issues or on settlement), or limited to or focused upon, particular issues:

The parties agree that discovery is generally not allowed in ERISA matters absent a showing of good cause and order of the Court.

d.      How the parties propose handling any issues relating to the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

Any electronically stored information relating to the administrative record shall be produced in hard copy form.

e.      How the parties propose handling claims of privilege and protection of trial preparation material:

The parties recommend handling claims of privilege and protection of trial preparation material consistent with the Federal Rules of Civil Procedures and this Court's local rules. The parties agree that inadvertent disclosure of privileged or protected information will not waive the privilege.

f.      How the parties propose handing the protection of confidential information.

The parties recommend handling the protection of confidential information consistent with the Federal Rules of Civil Procedures and this Court's local

rules and agree to use substantially Form 6 if a protective order is necessary.

g.    The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B), including rebuttal experts:

N/A.

h.    Whether changes should be made in the limitations on discovery imposed by the Federal Rules of Procedure or the Local Rules, and what other limitations should be imposed, if any:

i.    The number of interrogatories each party shall be permitted to serve, including subparts:

N/A.

j.    The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take:

N/A.

k.    The number of expert depositions each party shall be permitted to take:

N/A.

**5.    Close of Fact and Expert Discovery and Non-Dispositive Motions**

a.    The date by which all fact discovery shall be completed:

N/A.

b.    The date by which all expert discovery, including expert depositions, shall be completed:

N/A.

c.    The date by which any independent medical examination shall be competed and the report served on the opposing party:

N/A.

d.    The date by which all non-dispositive motions shall be served, filed and heard by the Court:

**December 1, 2018**.

**6.**     **Dispositive Motions and Trial**

a.     Date by which all dispositive motions shall be served, filed and heard by the Court:

**June 1, 2019**, or no earlier than at least three months following a settlement conference in this matter wherein the parties reach an impasse.

b.     Date by which case will be ready for trial:

**September 1, 2019**

c.     The number of expert witnesses each party expects to call at trial:

The parties do not anticipate calling expert witnesses.

d.     Estimated trial time:

The anticipated length of bench trial is 2 days.

Dated:  August 21, 2018

FIELDS LAW FIRM

By:     s/Mark Klotzbuecher
          Mark Klotzbuecher, Reg. No. 0398631
          Stephen Fields, Reg. No. 0276571
          9999 Wayzata Boulevard
          Minnetonka, MN 55305
          Telephone:  612-370-1511
          mark@fieldslaw.com
          steve@fieldslaw.com

          ATTORNEYS FOR PLAINTIFF SUSAN
          SCHNEIDER

302310861v2 1008380

Dated:  August 21, 2018

HINSHAW & CULBERTSON LLP

By:   s/M. Annie Santos
      M. Annie Santos, Reg. No. 0389206
      333 South Seventh Street, Suite 2000
      Minneapolis, MN  55402
      Telephone:  612-333-3434
      Fax:  612-334-8888
      asantos@hinshawlaw.com

      Daniel K. Ryan            Admitted *Pro Hac Vice*
      151 North Franklin, Suite 2500
      Chicago, IL, 60601
      Telephone:  312-704-3000
      Fax:  312-704-3001
      dryan@hinshawlaw.com

      ATTORNEYS FOR DEFENDANT
      METROPOLITAN LIFE INSURANCE
      COMPANY

302310861v2 1008380